[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: MOTION TO STRIKE (#114)
The present action is a foreclosure upon the subject property for nonpayment of real estate taxes and sewer, sanitation and water service fees. The defendant, Richard T. Fasanella, filed a counterclaim[1] against the City of Middletown alleging facts regarding the placement of a dumpster in the area of the defendant's property and unfulfilled requests by the defendant for a smaller, locked dumpster. By his counterclaim, the defendant seeks damages from the City.
The City has filed a Motion to Strike (#114) the defendants counterclaim, claiming that the facts giving rise to the counterclaim do not arise out of the transaction which is the subject of the plaintiff's complaint.
Practice Book § 10-10 does permit the filing of counterclaims "provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. (Emphasis added.)
The City's complaint does seek to foreclose for nonpayment of sanitation service fees. (Paragraph 6.) A dumpster provided by the City logically falls under the label "sanitation services." Therefore, the allegations of the defendant's counterclaim, taken in their most favorable light, do arise out of "one of the transactions which is the subject of the plaintiff's complaint."
Accordingly, the City's Motion to Strike (#114) the defendant's counterclaim is hereby ordered denied.
It is so ordered.
BY THE COURT: CT Page 1672
______________________ ROBAINA, J.